Howard T. Hogan, J.
This is an application to review a determination of the respondent Board of Appeals denying petitioner permission to erect a one-family residence on a plot having an area of approximately 7,880 square feet in a residence “ A 2 ” district of the Village of Kings Point, the TrnniTnnm area required in said district now being 40,000 square feet; and also for a variance of the minimum front, rear and side yard requirements. It appears that in 1929 petitioner’s present husband and his then wife purchased three contiguous *765 lots designated as Lots 61, 62 and 63, on the map of a development known as Kings Point Gardens, which map had been filed in the Nassau County Clerk’s office prior thereto. Each lot was a parallelogram, 20 feet by 130 feet, fronting on a map street known as Kings Court. By mesne conveyances title to all said lots came into the petitioner by deed dated December 8, 1937. It is admitted that when the property was acquired in 1929 there was then no minimum plot size required by any village ordinance. It appears, however, that when the petitioner acquired title the property was substandard under the then existing zoning ordinance.
After a public hearing which was continued on several dates, the Board of Appeals denied petitioner’s application on the apparent grounds that (1) the applicant had refused a reasonable offer for her property from an adjoining property owner; (2) the original deed in 1929 contained a covenant or restriction subjecting the property not only to the then existing building regulations of the Village of Kings Point but also to any subsequent amendments thereto; (3) the building of a residence on a substandard lot would depreciate the value of neighboring properties; (4) the attempted use of the dead-end right of way on which this property is located would endanger the safety of children and pedestrians; (5) there was insufficient evidence of practical difficulty or unnecessary hardship suffered by the applicant, and (6) the street on which the property is situated is not on a map approved by the planning board, has never been dedicated as a public street, and is not suitably improved as required by law (presumably Village Law, § 179-o).
In reviewing this decision the court finds the first ground upon which it is based to be improper. No administrative board may compel a property owner either to sell his property to a neighbor or to purchase additional property from him, nor may it use his refusal to do so as a ground for denying any application he may present to it. Every form of coercion used to accomplish this aim is an obvious violation of his constitutional rights.
The second ground is likewise invalid. Although the covenants and restrictions in the deed accepted by petitioner’s grantor were probably part of a plan or scheme common to the entire development, and enforcible by any aggrieved property owner, it is inconceivable that the parties to the sale contemplated or intended to be bound by, the subsequent adoption of a zoning ordinance which would fix the minimum plot area at 40,000 square feet, when the subject of the sale contained only 7,880 square feet. No purchaser would submit to a condition in his *766 deed that he be bound by a subsequent ordinance rendering his property completely valueless. Any such agreement would be against public policy.
The fact that the building of a residence upon a substandard lot might depreciate the value of neighboring properties is no ground for denying a building permit if the property has been continuously in single and separate ownership for a period commencing prior to the adoption or amendment of a zoning ordinance making it substandard. Nor would the owner be required to demonstrate practical difficulties or unnecessary hardship. In such circumstances they could not be more obvious. The courts have repeatedly held that where a lot has been held in single and separate ownership its use for any purpose whatsoever may not be destroyed by the subsequent adoption or amendment of a zoning ordinance. This court has so held in Matter of Long Is. Land Research Bureau v. Young (7 Misc 2d 469) and in Matter of Waldorf v. Coffey (5 Misc 2d 80). In the former case, it said (p. 471): “ Any complete sterilization of private property by legislative fiat without compensation to the owner is confiscatory and violative of article I (§ 7, subd. [a]) of the New York State Constitution and the Fifth Amendment of the United States Constitution.” (See, also, Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 232.)
The petitioner’s difficulty, in this instance, however, is that she has failed to allege that the subject property has been at all times in single and separate ownership, in other words, that neither she nor her predecessors in title since the adoption of the zoning ordinance have owned adjacent property which, combined with the subject parcel, could have formed a single lot conforming to the minimum area requirements. While this may well be the instant case, the court cannot make such an assumption. It must be pleaded and proved. (The record of the hearing submitted to the court is not a verbatim transcript, but merely the clerk’s synopsis of what transpired.) If she is so advised, petitioner may renew her application and tender such proof.
Nor may the board base its denial of the petition on a finding that the use of the right of way on which the property is located would endanger the safety of children and pedestrians. The applicable law has' been stated as follows: “ Traffic problems are within the domain of the police and not the zoning authorities.” (Greenberg v. City of New Rochelle, 206 Misc. 28, 35, affd. 284 App. Div. 891 and cases cited therein). (See, also, 2 Rathkopf on The Law of Zoning and Planning, p; 477.)
*767 There is, however, a valid ground for denying the application at this time. The court, with the permission of both parties, has visited the location of this property and has found that the street or right of way upon which petitioner’s property fronts, is completely unimproved, and is actually overgrown with trees and other vegetation. The street furnishing access between this right of way and Kings Point Road is badly in need of repair, but there are several homes fronting upon it, at least one of which was built within recent months, evidencing the fact that this latter street is considered by the village authorities to be adequately improved.
Section 179-o (subd. 2) of the Village Law provides in part as follows: “ No permit for the erection of any building shall be issued unless a street or highway giving access to such proposed structure has been duly placed on the official map or plan, or if there be no official map or plan, unless such street or highway is (a) an existing state, county, town or village highway, or (b) a street shown upon a plat approved by the planning board as provided under the provisions of this article, as in effect at the time such plat was approved, or (c) a street on a plat duly filed and recorded in the office of the county clerk or register prior to the appointment of such planning board and the grant to such board of the power to approve plats. Before such permit shall be issued such street or highway shall have been suitably improved to the satisfaction of the planning board in accordance with standards and specifications approved by the appropriate village officers as adequate in respect to the public health, safety and general welfare for the special circumstances of the particular street or highway”.
It further provides for the relaxation of these requirements in cases of unnecessary hardship, viz. ‘ ‘ 3. Where the enforcement of the provisions of this section would entail practical difficulty or unnecessary hardship, or where the circumstances of the case do not require the structure to be related to existing or proposed streets or highways, the applicant for such a permit may appeal from the decision of the administrative officer having charge of the issue of permits to the board of appeals or other similar board in any village which has established a board having power to make variances or exceptions in zoning-regulations, and the same provisions are hereby applied to such appeals and to such board as are provided in cases of appeals on zoning regulations. The board may in passing on such appeal make any reasonable exception and issue the permit subject to conditions that will protect any future street or highway layout.”
*768 In discussing a similar provision of the Town Law (§ 280-a) the Court of Appeals in Matter of Brous v. Smith (304 N. Y. 164), has held that the imposition of these conditions with provision for a right to appeal in any case to a board of appeals, is a proper exercise of the police power of the State.
The road or right of way in question falls within the class described in paragraph (c) of subdivision 2 of the aforesaid section 179-o. Accordingly, a building permit may not issue until it is suitably improved, or until the respondent Board of Appeals has heard the application and, in a proper case, has made an exception and directed the issuance of such permit.