In the Matter of JOAN BEXSON, Respondent, v. BOARD OF ZONING AND APPEALS of the TOWN OF HEMPSTEAD, Appellant

Christ, Acting P. J., Hopkins and Munder, JJ., concur; Benjamin, J., dissents with the following memorandum, in which Brennan, J., concurs; Petitioner maintains that there are practical difficulties and unnecessary hardships in requiring strict compliance with the ordinance, in that no legal use can be made of the property and that, unless use is allowed, the constitutional protection against the taking of property without due process of law is violated. A Board of Appeals may determine that a plot cannot be used for a particular purpose, that the public interest requires that such use be forbidden and thereby deny a variance. If, however, a board forbids a use and no reasonable use for the property remains, it amounts to a taking of the property (*Matter of Waldorf* v. *Coffey*, 5 Misc 2d 80; *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222). Clearly, then, if there is no reasonable use for the subject property, the failure to grant a variance to petitioner would amount to a confiscation. In opposition to the application, the abutting land owner testified that he had in the past offered to purchase the land in question but the contract vendor declined to sell. The abutting owner asked that he be informed of any change of mind as he was interested in enlarging his property. When he heard of the current application, he renewed his offer to the contract vendor at the same price as in the contract herein. This, in my opinion, demonstrates the marketability of the subject property. The vendor or vendee could sell the plot for a sum equal to the contract price. If the property is marketable without the variance, at the same value as with the variance, the petitioner cannot claim the denial of the variance to be confiscatory, as a reasonable use exists. The fact that the second offer was made subsequent to the contract is immaterial as the contract was conditioned

upon petitioner's obtaining a building permit. I agree with the majority that an owner is free to deal with any one in the sale of his property and that he may not be compelled to sell to a neighbor. While his freedom of action in selling his property is absolute, the right to a variance is not, when alternatives exists which would result in avoiding the alteration of the character of the neighborhood without financial sacrifice to the owner. Should subsequent events alter the circumstances, the application for a variance could be renewed. Presently, the property in question is marketable at a reasonable price. It cannot, then, be said that there are practical difficulties and unnecessary hardships nor a confiscation in requiring strict compliance with the zoning ordinance. *Matter of Karras* v. *Michaelis* (19 N Y 2d 449) is illustrative of the principle that the court will look to the realities of confiscation by reason of the alleged practical difficulties. There the court found that, since the award in condemnation had made provision for the consequential damages to the remaining piece, the claim of confiscation because of practical difficulties could not stand. Where there is a claim of practical difficulties or unnecessary hardships in the strict observance of the ordinance, the board is required to act so as to promote the public safety and welfare and to secure substantial justice (Town Law, § 267, subd. 5). This can only mean justice to the landowner and justice to the community. The board found that the variance, if granted, "would have an adverse affect on the health, safety and welfare of the area, as well as a depreciating affect on the value of the real property located proximate to the subject plot". The substantial interest of the community in its maintenance should not be upset save where the constitutional rights of the individual property owner are threatened. The granting of the variance would be, as determined by the local body, injurious to the community. Denial of the variance would injure no one. It is obvious from the act of conditioning the contract of sale on the grant of a building permit that the petitioner knew the lot to be substandard prior to entering into the contract and cannot now be heard to complain. In addition, denial of the variance and the consequential denial of a building permit removes his obligations under said contract. The contract-vendor has, as set forth above, a fair market for the property and will suffer no monetary loss. In denying the application, the board acted within the power conferred upon it by law and arrived at a just result. I would reverse and reinstate the determination of the Zoning Board of Appeals with leave to renew the application for a variance if justice should ultimately so require.