■     In the Matter of HENRY R. DITTMER, Respondent, v. BENJAMIN R. EPSTEIN et al., Constituting the Board of Appeals of the Incorporated Village of Ocean Beach, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel the Mayor and the Board of Appeals of the Village of Ocean Beach to issue a building permit, the appeal is from a judgment of the Supreme Court, Suffolk County, entered October 3, 1969, which granted the petition and directed appellant Mayor to issue such permit. Judgment affirmed, without costs. The evidence adduced at the hearing before the Board of Appeals demonstrates conclusively (1) that the subject lot on which petitioner wishes to build a one-family residence has been held in single and separate ownership since prior to the enactment of the zoning ordinance and (2) that there is no feasible use for the lot other than the construction of a home thereon. This being so, the board's insistence on frontage requirements pursuant to the zoning ordinance constitutes an unconstitutional deprivation of property. Petitioner is entitled therefore to a building permit, even without the granting of a variance (*Matter of Mandalay Constr.* v. *Eccleston,* 9 A D 2d 918). The right of petitioner to attack the constitutionality of the zoning ordinance as it applied to his property was not waived by the fact that he applied for a variance on a previous occasion (*Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493; *Village of Lindenhurst* v. *Merhige,* 226 N. Y. S. 2d 660). Martuscello, Acting P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■     In the Matter of JAMES R. LIMONGELLI, Petitioner, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondents.— Proceeding dismissed on the merits and respondents' determination dated October 22, 1969, which revoked petitioner's tavern liquor license, confirmed, with costs. In our opinion, the determination under review was supported by substantial evidence. Furthermore, petitioner's default in appearance was deliberate and he has failed to show a meritorious defense to the charges against him. Finally, petitioner has failed to establish that an application to respondents for a new hearing at which he would appear would have been futile. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.