■ In the Matter of PETER SCAVONE et al., Appellants, v. FRANK M. VOLZ et al., Constituting the Board of Zoning Appeals of the Town of Babylon, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR (1) to review a determination of the respondent Board of Zoning Appeals which denied petitioners' application for an area variance and (2) to compel the issuance of a building permit, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered July 25, 1969, which dismissed the petition and confirmed the determination. Judgment reversed, on the law, without costs; determination of the respondent Board of Zoning Appeals annulled; and the respondent Chief Building Inspector directed to issue the requested building permit. Petitioners were unable to use the subject parcel through no act of their own. The property was held in single and separate ownership. The plot on East 3rd Street which petitioners owned until June, 1957, with a frontage of 75 feet and a depth of 100 feet, the southerly 25 feet of which abut the northerly 25 feet of the subject parcel, at the rear of both parcels, is not an adjacent parcel to the subject parcel. Latham, Kleinfeld, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., concurs in reversal of the judgment and in annulment of the respondent Board of Zoning Appeals' determination, but otherwise dissents and votes to remand the matter to said board to take further proof, with the following memorandum: While I agree with the majority's determination that the decision of the Board of Zoning Appeals should be annulled, I do not believe that we should direct the issuance of a variance and a building permit at this time. I would remand the case for a new hearing by the Board of Zoning Appeals at which petitioners would have an opportunity to present proof of economic loss and to satisfy the standards of *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30).