### (July 29, 1974)

■ In the Matter of MARIANIC ESTATES, INC., Respondent, v. ANTHONY J. SACCA et al., Constituting the Zoning Board of Appeals of the Town of Huntington, et al., Appellants, and MOSES JOHNSON et al., Intervenors-Appellants. (And Other Titles.) — In consolidated proceedings pursuant to article 78 of the CPLR, the appeal is by (1) the Zoning Board of Appeals of the Town of Huntington and the Director of the Department of Engineering, Building and Housing of the Town of Huntington and (2) the intervenors below, from an order of the Supreme Court, Suffolk County, entered January 2, 1974, which annulled the board's determinations regarding nine of petitioners' applications, and remanded to the board two of petitioners' applications for the purpose of taking further testimony. Order modified, on the law, by striking from the second "ORDERED" paragraph the following: " and 7261 ", and by adding thereto a provision confirming the decision of the Zoning Board of Appeals of the Town of Huntington as to Case No. 7261. As so modified, order affirmed, without costs. Petitioners Hubbard, in Case No. 7261 before the board, sought an area variance for their substandard lot, 6,256 square feet in a zoning district with a minimum lot area of 7,500 square feet, based on the theory that the lot had been held in single and separate ownership since prior to enactment of the zoning ordinance or of any restrictive amendments thereto. The board denied the application, finding a failure of proof of single and separate ownership. Specifically, the board found that the subject parcel, as well as one adjoining it to the south, was acquired by the County of Suffolk at tax sales prior to enactment of the zoning ordinance, thus negating the feature of single and separate ownership of the subject property as of that time. The Special Term annulled the board's decision in Case No. 7261, citing *Matter of Irace* v. *Kramer* (20 Misc 2d 432) and *Matter of Cambareri* v. *Michaelis* (20 Misc 2d 119) for the proposition that "ownership by the County * * * as the result of a sale for taxes does not operate to deprive individual but adjoining plots of land of immunity from area requirements under zoning ordinances which they may otherwise possess" (*Matter of Irace* v. *Kramer*, *supra*, p. 433). In our opinion, the Special Term erred in relying on the aforenoted cases. The record in the case at bar indicates that the county had acquired title to the subject parcel and one adjoining it to the south at tax sales prior to enactment of the zoning ordinance, for the nonpayment of taxes by the same individual, the original developer. Under these circumstances, *Irace* and *Cambareri* are distinguishable from the case at bar, in that they involved acquisitions by the County of Nassau at tax sales for nonpayment of taxes from different owners of contiguous lots. Consequently, the board's determination denying an area variance to petitioners Hubbard in Case No. 7261 on the ground that there was failure of proof as to single and separate ownership was based on substantial evidence in the record, and must be confirmed. Hopkins, Acting P. J., Martuscello, Latham and Benjamin, JJ., concur; Munder, J., not voting.