■ In the Matter of HERBERT PLATTNER et al., Appellants, v ANTHONY SACCA et al., Constituting the Zoning Board of Appeals of Huntington, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent zoning board of appeals, made November 8, 1973, after a hearing, which denied petitioners' application for a zoning variance, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered January 8, 1975, which dismissed the petition. Judgment reversed, on the law, without costs; the determination is annulled; and the matter is remanded to the zoning board of appeals for further proceedings consistent herewith. Petitioners are the contract vendees of a lot approximately 3,800 square feet in area, located in a zoning district in which construction of a dwelling is prohibited on lots with an area of less than 10,000 square feet. Petitioners applied to the respondent zoning board of appeals for a variance with regard to the required lot area. Where the variance sought is over 50% of the minimum area requirement, i.e., a variance of over 5,000 square feet in this case, the applicable ordinance permits the zoning board of appeals to grant a variance only upon finding as follows: "(a) That the sewage disposal system proposed and the introduction of sanitary wastes into the ground will not adversely affect the groundwater;

(b) That the development of the site will not result in increased surface water run-off from the street; (c) That the development of the site will not result in erosion or in siltation of surface waters; and (d) That the development of the site will not result in the destruction of trees other than those required by the erection of a structure" (Zoning Ordinance of Town of Huntington, § 62-17.2, subd [5]). The respondent board denied the variance, finding that petitioners had failed to meet the first two of the above-quoted requirements. The zoning board of appeals made the further finding that the owner of the property, petitioners' vendor, had failed to make bona fide offers to sell the property to abutting property owners. Petitioners commenced this proceeding to review the respondent board's denial of their application; Special Term dismissed the petition, finding that there was sufficient basis for the determination, and that there was no illegality, arbitrariness or abuse of discretion involved. We disagree. Petitioners' showing was sufficient to satisfy the first two above-mentioned requirements; the respondent board's findings to the contrary are not supported by substantial evidence. Nor can the zoning board of appeals base a denial of a variance upon the failure of the owner to make a bona fide offer to sell his property to abutting owners. An owner is free to deal with anyone in the sale of his property; he may not be compelled to sell to a neighbor at the price of losing a vested right *(Matter of Bexson v Board of Zoning & Appeals of Town of Hempstead,* 28 AD2d 848; *Matter of Marianic Estates v Sacca,* 45 AD2d 891). Although the respondent board found that petitioners met the additional requirements of single and separate ownership of the parcel from a time antedating the present area requirement, it apparently did not reach the issue whether it should permit a variance from the zoning requirements for front and side yards. Accordingly, the matter is remitted to the zoning board of appeals with a direction to consider, in a manner which will protect the character of the area and safeguard the interests of other owners, those aspects of the application which concern front and side yard area requirements. Benjamin, Acting P. J., Rabin, Hopkins, Latham and Munder, JJ., concur.