■ MODULAR HOMES CORP., Appellant, v ANDREW G. COMBS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals, dated April 19, 1984, which, after a hearing, denied petitioner's application for special permission to build a one-family residence, requiring certain variances, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated August 31, 1984, which dismissed the proceeding. The appeal brings up for review so much of an order of the same court dated October 18, 1984, as, upon granting reargument, adhered to the original determination.

Appeal from the judgment dismissed, without costs or disbursements. Said judgment was superseded by the order entered upon reargument.

Order reversed, insofar as reviewed, on the law, without costs or disbursements, judgment reversed, petition granted to the extent that the determination is annulled and the matter remitted to the respondent Board of Zoning Appeals with directions to grant the petitioner the relief requested, subject to such reasonable conditions and safeguards, if any, as the Board may deem advisable to impose.

The subject lot on which petitioner wishes to build a one-family residence has been held in single and separate ownership since prior to the enactment of the zoning ordinance *(see, Matter of Dittmer v Epstein,* 34 AD2d 675; *Matter of Macchia v Board of Appeals,* 7 Misc 2d 763, 765-766). Thus, any consideration of self-imposed hardship and economic injury was improper *(see, Matter of Scavone v Volz,* 34 AD2d 966; *Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals,* 112 Misc 2d 263, 268; *Matter of Macchia v Board of Appeals,* 7 Misc 2d 763, 766, *supra),* as were considerations of the purchase offers of adjacent property owners *(see, Matter of Plattner v Sacca,* 49 AD2d 602, *appeal dismissed* 37 NY2d 806).

Under the circumstances presented by this record, petitioner was entitled to the relief requested, subject to such reasonable conditions and safeguards, if any, as the Board of Zoning Appeals may deem advisable to impose *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894; *Matter of Sullivan v Town Bd.,* 102 AD2d 113, 117, *appeal dismissed* 63 NY2d 952). The Board's determination was, therefore, arbitrary, capricious and an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441). Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.