*591 OPINION OF THE COURT
Daniel F. Luciano, J.
The petitioners, Randolph P. Jennings and Susan P. Jennings, are owners of a parcel of real property consisting of 6,250 square feet. The property is located in an area zoned R-43 residence in the Town of Smithtown which is an area zoned for residential development on parcels of one acre or 43,560 square feet. The petitioners, Randolph P. Jennings and Susan P. Jennings, have sought a variance permitting construction of a single-family residence on the parcel. That application was denied by the Zoning Board of Appeals of the Town of Smithtown and the petitioners now seek to overturn that denial by this CPLR article 78 proceeding.
The subject property is located in an area which was once included in the Incorporated Village of the Landing within the Town of Smithtown. The Village of the Landing was disincorporated in 1939. The respondent Zoning Board found that: "on July 21, 1939 the Village Clerk of the Village of the Landing requested that the Town Board of the Town of Smithtown extend its Fire, Zoning and Police districts to the Village of the Landing which was to dissolve on November 23, 1939. On September 23, 1941, the Town Board of Smithtown scheduled a public hearing for the purpose of extending the Zoning Ordinance of the Town of Smithtown to include all territory formally known as the Incorporated Village of the Landing, according to a report of the Zoning Commission on file in the office of the Town Clerk of the Town of Smithtown. On October 28, 1941, pursuant to notice and after public hearing, an ordinance zoning the subject parcel was enacted and there being no evidence to the contrary, the Board presumes that the map revised to March 15, 1945, accurately reflects the zoning of the subject parcel as enacted on October 28, 1941, by the Town Board. That resolution determined the zoning of the land formerly known as the Village of the Landing from 1941 through 1956, when it is alleged the next legally adopted comprehensive Zoning Ordinance was passed.”
The actual October 28, 1941 resolution, however, states only:
"resolved: That the Zoning Ordinance of the Town of Smithtown be amended to include therein that portion of the Town formerly known as the Incorporated Village of the Landing, and that the Zoning Ordinance be further amended as follows:
*592 "Article IX, Sec. 901, paragraph 14 and Art. X-Sec. 1001, Paragraph 15 to be amended to include the term 'Millwork’ ”.
While no resolution specifically directing the zoning district applicable to the subject property has been discovered by the parties,* map dated March 15, 1945 depicts the subject property as being located in an area zoned R-43. Thus, notwithstanding the absence of an ordinance found applicable to the subject property, the respondent Zoning Board stated that: "the Board presumes that the map revised to March 15, 1945, accurately reflects the zoning of the subject parcel as enacted on October 28, 1941 by the Town Board.”
The court concludes that the respondent Zoning Board’s presumption cannot lawfully support its conclusion that the subject property was located in an area zoned R-43 residence prior to December 1953, the date subsequent to which the subject property has been held in single and separate ownership.
Pursuant to Town Law § 261, zoning is to be accomplished by a town by means of an ordinance. Since the respondent Zoning Board has been unable to locate an applicable ordinance in this case, the court concludes that it was improper to presume the existence of such an ordinance and thereby deny the petitioners’, Randolph P. Jennings and Susan P. Jennings, application based upon such a presumption.
In contrast, the only conclusion supported by the record herein is that the subject property is a substandard lot which is subject to the rules which apply to nonconforming uses. Those rules were summarized by former Justice Leon D. Lazer in Matter of Mackay v Mayhall (92 Misc 2d 868, 870-871): "When a municipal legislative body divides a town or village into districts and prescribes the minimum land dimensions for particular use in such districts, it does so with at least constructive notice of the existence of every substandard parcel held in single, separate ownership and is under a duty to make adequate provisions for such parcels (Matter of Long Is. Land Research Bur. v Young, 7 Misc 2d 469). Even where there is no section in the ordinance exempting such parcels from restrictions in an ordinance subsequently enacted — an 'exception’ provision — the owner is entitled to a building *593 permit without a variance from the area requirements (Soros v Board of Appeals, Vil. of Southampton, 50 Misc 2d 205, affd 27 AD2d 705; Matter of Dittmer v Epstein, 34 AD2d 675) because the right to use the substandard parcel is a vested one (Matter of Bexson v Board of Zoning & Appeals of Town of Hempstead, supra) which cannot be destroyed by a subsequent adoption of amendments to the zoning ordinance (Matter of Macchia v Board of Appeals of Inc. Vil. of Kings Point, 7 Misc 2d 763).” (See also, Matter of Dittmer v Epstein, 34 AD2d 675; Matter of Bexson v Board of Zoning & Appeals, 28 AD2d 848; Matter of Mandalay Constr. v Eccleston, 9 AD2d 918.) Before such right to use the nonconforming lot is established, however, there must be compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred. (Matter of Pellati v Scheyer, 115 AD2d 606; Matter of Dittmer v Scheyer, 74 AD2d 828.) Moreover, development of the substandard parcel may be subject to reasonable conditions and safeguards as the respondent Zoning Board may deem advisable to impose. (See, Modular Homes Corp. v Combs, 115 AD2d 527.)
Since the respondent Zoning Board in this case merely concluded that the subject property was located in an area zoned R-43 it did not address the question of whether there were other zoning requirements which would be violated by the proposed construction of a single-family residence on the subject property or whether such proposed construction should be subject to any reasonable conditions and safeguards.
Accordingly, the determination of the respondent Zoning Board of Appeals denying the petitioners’, Randolph P. Jennings and Susan P. Jennings, application, based upon the presumption that there existed a valid ordinance is annulled and the matter is remitted to the respondent Zoning Board to determine whether the proposed construction is consistent with other zoning requirements and for the determination of whether any reasonable conditions and safeguards should be imposed.

 The respondent Zoning Board found that a purported enactment of a zoning ordinance on December 13, 1949 was invalid and, thus, inapplicable. The validity of this determination is not disputed by the parties and is not considered herein.