■ In the Matter of M.E.F. Builders, Inc., Appellant, v Harry J. Siegel, as Chairman of the Board of Zoning and Appeals of the Town of North Hempstead, et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a

determination of the Board of Zoning and Appeals of the Town of North Hempstead dated November 30, 1988, which, after hearing, denied the petitioner's application for area and sideyard variances, the appeal is from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated June 5, 1989, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent of annulling the determination under review, and the matter is remitted to the respondent Board of Zoning and Appeals of the Town of North Hempstead, which is directed to grant the application for area and sideyard variances upon such conditions, if any, as it deems appropriate.

In view of the uncontroverted evidence that the subject parcel has been held in single and separate ownership since prior to the enactment of the pertinent zoning ordinance, the petitioner is entitled to the requested variances as a matter of right *(see, Matter of McDermott v Rose,* 148 AD2d 615; *Matter of MacKay v Mayhall,* 92 Misc 2d 868). Thus, the petitioner was not required to show economic hardship *(see, Modular Homes Corp. v Combs,* 115 AD2d 527), and the Board's determination, which was based upon lack of hardship, was arbitrary, capricious and an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Modular Homes Corp. v Combs, supra).* Accordingly, the matter is remitted to the Board with the direction that it grant the application upon such conditions as it deems appropriate. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.