■ RICHARD C. DITTMER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 70244.)—In a claim to recover damages for the appropriation of property, the claimant appeals from a judgment of the Court of Claims (Rossetti, J.), dated August 28, 1990, which awarded the claimant the principal sum of only $3,200.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Court of Claims for further proceedings in accordance herewith.

The State appropriated a strip of the claimant's property which is located in the Town of Hempstead, for the widening of a highway. The Court of Claims determined that highest and best use of the entire parcel prior to the taking was for

excess land or as an adjoining plot. The Court of Claims found that, after the strip was appropriated, the parcel did not meet the setback requirements of the zoning ordinance and the claimant failed to show a reasonable possibility that he could have obtained a special exception for the substandard setback. The claimant contends that the Court of Claims erred in finding that the highest and best use of the property prior to the taking was as excess land.

The subject property was zoned as Levittown Planned Residence District (hereinafter LPRD). LPRD zoning requires a corner lot, such as the claimant's property, to have a front yard on each street of not less than 25 feet (see, Building Zone Ordinance of Town of Hempstead § 187 [8]). Additionally, LPRD zoning provides that "[n]o dwelling or other building shall be erected on any lot unless it contains an area of not less than six thousand (6,000) square feet and has a minimum width of sixty (60) feet at the front setback line" (Building Zone Ordinance of Town of Hempstead § 193 [B]). LPRD provides no exceptions or exemptions from width and frontage requirements.

The claimant's property, prior to the taking, was a long, narrow rectangular lot, which would not have met the width, area, or frontage requirements of the LPRD for a dwelling. However, since the property was in single and separate ownership prior to the enactment of the zoning regulations, the claimant was entitled to the necessary variances to enable him to build prior to the taking (see, Matter of McDermott v Rose, 148 AD2d 615; Cange v Scheyer, 146 AD2d 594; Modular Homes Corp. v Combs, 115 AD2d 527; Matter of Dittmer v Epstein, 34 AD2d 675; cf., Matter of Siciliano v Scheyer, 150 AD2d 460). In light of the claimant's entitlement to variances and a building permit prior to the taking, the highest and best use of the property prior to the taking was for residential use. Thus, the Court of Claims erred in valuing the claimant's property prior to the taking as excess land, rather than a residential lot.

However, we note that the Court of Claims properly suspended the interest on damages in accordance with EDPL 514 (B), since the claimant failed to file his claim within six months from the service of the notice of appropriation. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.