■ In the Matter of CHARLES M. PATEMAN III, Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF IRVINGTON et al., Appellants. [594 NYS2d 809] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington dated September 19, 1989, denying the petitioner's application for an area variance, the appeals are from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered September 28, 1990, which annulled the determination and directed the appellants to grant the application subject to the imposition of reasonable conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner and his partner were the owners of an approximately 6.01-acre parcel located in the Village of Irvington. On September 7, 1988, they were granted final approval to subdivide the parcel into two lots. Thereafter, a cul-de-sac was constructed in the right of way provided for in the approved subdivision plan. Pursuant to the Village zoning ordinance as interpreted by the respondent Zoning Board of Appeals of the Village of Irvington (hereinafter the ZBA), this permitted the further division of one of the two lots into three

smaller lots. One of these resulting lots, designated Lot No. 4, was deeded to the petitioner, who filed the deed on February 24, 1989. At the time the petitioner became sole owner of Lot No. 4, it was a buildable lot for residential purposes, which fully conformed to the then applicable zoning ordinance. Lot No. 4 was not adjacent to any other portion of the original 6.01-acre parcel in which the petitioner retained title.

On February 27, 1989, extensive amendments to the Village of Irvington zoning ordinance adopted by the Village Board of Trustees went into effect. These "resource protection" amendments altered the subdivision regulations of the ordinance in such a way as to render Lot No. 4 nonconforming. According to the ZBA, although the lot had an area of 46,886 square feet, and was thus larger than the minimum required lot size, after application of the resource protection amendments, the lot's net buildable area was reduced to some 23,138 square feet. As a result, the Village Planning Board determined that no dwelling could be built on Lot No. 4. It is undisputed that the lot could only be used for residential purposes.

The petitioner then applied to the ZBA for an interpretation of the zoning ordinance which would permit the construction of a dwelling on Lot No. 4, or in the alternative, for an area variance.

Lot No. 4 was a buildable lot held in single and separate ownership which fully conformed with the zoning ordinance at the time the amendments were passed which rendered it nonconforming. Therefore, the petitioner has a vested right to use the now substandard parcel for residential purposes (see, Matter of M.E.F. Bldrs. v Siegel, 162 AD2d 533; Cange v Scheyer, 146 AD2d 594; Modular Homes Corp. v Combs, 115 AD2d 527; Matter of Dittmer v Epstein, 34 AD2d 675; Jennings v Kern, 134 Misc 2d 590). As a result, any consideration by the ZBA of self-created hardship or economic injury was improper, and the ZBA's denial of an area variance on these grounds was arbitrary, capricious, and an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of M.E.F. Bldrs. v Siegel, supra; Modular Homes Corp. v Combs, supra). Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.