OPINION OF THE COURT
Levine, J.
Appellants are the owners of a vacant lot situated in a residence AA zoning district in the Village of Farmingdale, Nassau County. The lot has remained in an individual ownership, separate from any adjoining lots, at least since 1899, and had that status on December 7, 1942, when the first Farmingdale Zoning Ordinance was enacted. The Zoning Ordinance, as amended in 1959 and 1988, provided for building restrictions on dimensionally substandard lots in an AA zoning district as follows:
"Lot area.
"No principal building and accessory buildings shall be erected upon a lot that has a street frontage and minimum lot width at the front and rear wall of the principal building of less than seventy-five (75) feet and a lot area of less than seven thousand five hundred (7,500) square feet (Code of Village of Farmingdale § 105-39).”
The Zoning Ordinance, however, contains a "single and separate ownership” clause (see, 1 Anderson, New York Zoning Law and Practice § 9.43, at 473 [3d ed]) providing for the relief of lots which became substandard as a result of the subsequent adoption of zoning restrictions:
"Existing nonconforming lots.
"Any plot smaller in area than herein required in which the ownership at the time of the adoption of this ordinance differs from the ownership of all adjoining plots may be improved with buildings which shall comply so far as practicable with the provisions of this ordinance (Code of Village of Farmingdale § 105-154).”
*341 Appellants’ lot has a frontage and width of 63.55 feet and an over-all area of 10,804 square feet. In March 1991, they applied for a building permit to construct a single-family residence on their property. Their lot is subject to various covenants and restrictions preventing any development of the property other than construction of a single-family residence. Appellants claimed entitlement to a building permit without applying for and being granted a variance from the dimensional requirements of Village Code § 105-39 under the single and separate ownership exemption of the Zoning Ordinance. However, the Village Zoning Board of Appeals (ZBA), to whom the matter was referred, denied their permit application without explanation. After appellants commenced this proceeding to challenge that determination, the ZBA rendered a decision that the single and separate ownership exemption only applied to lots substandard in total square footage area, not as to width and frontage. The ZBA, thus, ruled that, since the total area of appellants’ lot exceeded the minimum of 7,500 square feet in section 105-39, they were not entitled to the exemption, notwithstanding that the lot was rendered substandard by subsequently enacted minimum frontage and width restrictions.
Supreme Court rejected the ZBA’s restrictive interpretation of the single and separate ownership exemption and annulled its denial of appellants’ building permit application. The Appellate Division reversed, on the ground that the ZBA’s determination had a rational basis (206 AD2d 370). We now reverse, concluding that the ZBA’s narrow construction of the single and separate ownership exemption in the Zoning Ordinance is unsupportable.
As quoted above, the ordinance sets forth all minimum dimensional requirements (frontage, width and square footage) for building lots under the generic heading "Lot area”. The ZBA’s interpretation violates the canon of construction that "a term of greater comprehension includes a lesser term. The axiom that the whole includes all of its parts is properly applied in the construction of statutes” (McKinney’s Cons Laws of NY, Book 1, Statutes § 237, at 403). Under that canon of construction, the reference to a "plot smaller in area” (Code of Village of Farmingdale § 105-154 [emphasis supplied]) in the single and separate ownership exemption, rather than specifying an exemption based solely in terms of square feet, should be interpreted as subsuming all of the dimensional restrictions included in "Lot area” under section 105-39.
*342 The ZBA’s confined interpretation also manifestly undermines the purpose of the single and separate ownership exemption and gives rise to arbitrary and inconsistent applications of it. The purpose of single and separate ownership exception clauses to zoning amendments is to protect long-term property owners from amendments that render useless their previously conforming property, thus preventing restrictive zoning ordinances from having a possible unconstitutional confiscatory effect. These exemptions are a part of most zoning codes, and they serve an important and fair purpose (see, 1 Anderson, New York Zoning Law and Practice § 9.43, at 472-479 [3d ed]). Farmingdale’s exception provision is typical. Indeed it is indistinguishable from the "representative provision” cited by Anderson (op. cit., at 473) insofar as both that provision and Farmingdale’s Code § 105-154 use the generic inclusive term "area” rather than merely specify particular components of area. Under such typical provisions "when the frontage or area restrictions become effective * * * the owner of a substandard lot need not seek a variance. He is entitled as of right to an exception” (Anderson, op. cit., at 473 [emphasis supplied]).
Here, the ZBA’s narrow interpretation of the exception provision frustrates the ameliorative purpose of the ordinance. Lots rendered substandard as to width or frontage by a zoning ordinance are deprived of value in the same way as ones rendered deficient as to square footage. Under the Board’s interpretation, however, the exception clause is only effective to prevent restrictive zoning amendments from having a possible confiscatory effect if the land is deficient in square footage; property owners whose land is sufficient in square footage but deficient in other components of area, i.e., width and or frontage, are unprotected. No rational purpose is served, and none is cited by the ZBA, by giving lots rendered nonconforming as to frontage and width and square footage automatic exemptions, but excluding previously conforming lots rendered nonconforming only as to width or frontage. Thus, the ZBA’s interpretation arbitrarily forces landowners such as petitioners into litigation to protect their rights, despite an ordinance designed to protect them as a matter of course. The ordinance should be interpreted to avoid this objectionable, absurd, anomalous and unjust result (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 141, 143,145, 146).
Finally, the ZBA’s interpretation violates the rule of construing zoning ordinances enunciated by this Court, which we have already applied in construing a single and separate ownership *343 exception provision: "Any ambiguity in the language used in such regulations must be resolved in favor of the property owner” (Matter of Allen v Adami, 39 NY2d 275, 277). Thus, the ZBA incorrectly construed the meaning of the term area— whether it means only square footage or the dimensional components of length and width in addition to square footage — against the landowner. Because the ZBA’s construction arbitrarily undermines the purpose of the clause, promotes unconstitutional takings, and violates established rules of construction, it should not stand.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
Order reversed, etc.