■ In the Matter of MARY S. BIALLA et al., Respondents, v ZONING BOARD OF APPEALS OF THE VILLAGE OF NORTHPORT, Appellant. [706 NYS2d 473] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Northport dated August 5, 1998, which denied the petitioners' application for a determination that they were entitled to an exemption from the minimum lot-depth requirement based on single and separate ownership, or an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Henry, J.), dated March 18, 1999, which

granted the petition and directed the appellant to issue a building permit. ·

Ordered that the judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The owner of the subject property, the petitioner Mary S. Bialla, and her contract-vendee, the petitioner Glennon Home Builders Corp. (hereinafter the petitioners) seek to construct a single-family residence on the property. The subject property has a median depth of 82 feet and the Village of Northport Code provides, *inter alia*, that to build on a lot, its depth must be a minimum of 100 feet (*see,* Village of Northport Code § 91-23 [J] [4]). Therefore, the petitioners applied to the Zoning Board of Appeals of the Village of Northport (hereinafter the ZBA) for an exemption from the minimum depth requirement based upon the fact that the property had been held in single and separate ownership since prior to the enactment of the Zoning Code or, in the alternative, for an area variance. The ZBA denied the application. That determination was annulled by the Supreme Court, Suffolk County. The Supreme Court, relying on *Matter of DeTroia v Schweitzer* (87 NY2d 338), found that the petitioners were entitled to a building permit as a matter of right pursuant to a provision in the Village of Northport Code which provides an exemption for "minimum lot area" where the lot was under single and separate ownership at the time the zoning ordinance was enacted (*see,* Village of Northport Code § 91-23 [R] [4]). The Supreme Court did not reach the issue of whether the petitioners were entitled to an area variance. The ZBA appeals.

As the Court of Appeals stated in *Matter of Khan v Zoning Bd. of Appeals* (87 NY2d 344, 350), "there is no need for a common-law rule to protect landowners who possess parcels in 'single and separate ownership' situations", and the Court of Appeals has declined to adopt such a rule. Although "[a] municipality may in the reasonable exercise of its police powers change its zoning to control land use and development * * * such changes may, but need not, exempt existing owners of substandard lots from the changes' more onerous effects" (*Matter of Khan v Zoning Bd. of Appeals, supra*, at 350). A municipality may provide this relief by creating through "its ordinance * * * exemptions for property that is held in single and separate ownership" (*Matter of Khan v Zoning Bd. of Appeals, supra*, at 350).

Contrary to the petitioners' contention, the instant case is distinguishable from *Matter of DeTroia v Schweitzer (supra)*.

In *DeTroia* the zoning ordinance at issue included all dimensional requirements within the definition of "Lot Area" and then provided for a single and separate ownership exemption for property where the "Lot Area" was substandard. In contrast, Village of Northport Code § 91-23 provides for a single and separate ownership exemption for lots with an area of at least 5,000 square feet, but further provides specific frontage, width, and depth requirements even for substandard lots. The code specifically provides that minimum lot width and minimum rear-yard depth are subject to exemptions based on single and separate ownership while the remaining dimensional requirements are not subject to any exemptions. Indeed, Village of Northport Code § 91-23 (M) provides that any lots in Residence Zone D (the zone at issue here), regardless of area, must conform to all other provisions in the code. "[W]here the municipality has not created an exemption as a matter of legislative grace, the property owner can ordinarily utilize the local provisions for obtaining a variance" (*Matter of Khan v Zoning Bd. of Appeals, supra,* at 350).

Accordingly, the petitioners are not entitled to a building permit based upon single and separate ownership. The Supreme Court, however, did not reach the issue of whether the petitioners are entitled to a variance. Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a determination of that issue. Sullivan, J. P., Florio, Luciano and Feuerstein, JJ., concur.