■ In the Matter of DORO'S RESTAURANT, INC., Appellant, v CITY OF NEW YORK et al., Respondents.

The subject building is located at 319 Broadway, at the junction of Broadway and Thomas Street (designated tax map block 152, lot 31). This building is known in architectural circles as one of the cast iron "Thomas Twins", a reference to the fact that it is the survivor of once adjacent identical twin buildings. The challenge to designation is based on the fact that in 1971, the Landmarks Preservation Commission declined to so designate the adjacent "twin" at 317 Broadway, which was subsequently demolished. The threshold legal issue on appeal is whether the doctrine of issue preclusion applies with respect to strictly administrative proceedings, where respective rights are not adjudicated.

The administrative record establishes that the Thomas Twins were designed by the same architect, at the same time, for the same owner, and built with the same materials. Respondent notes that the relatively dilapidated condition of 317 Broadway was a significant circumstance which contributed to the Landmarks Preservation Commission's decision not to designate that building. Subsequent to that determination, a historical and architectural study was issued on the Soho Cast Iron District, which focused, in part, on the surviving Thomas Twin at 319 Broadway. Prior to that time no findings had been made as to the existence or nonexistence of architectural or historical attributes of 319 Broadway. Subsequent to the study, during the 1970's, momentum began to build to designate 319 Broadway as one of the few surviving examples of a unique architecture which relied on cast iron elements. The present owner of 319 Broadway purchased the building in 1982, undertook extensive renovations, and com-

menced the present restaurant business which occupies the premises. There is no credible evidence that 319 Broadway, if designated, would lack economic value.

When the Landmarks Preservation Commission met in Executive Session on August 29, 1989, it noted that the decision not to designate 317 Broadway was based on its physical condition. It also was noted that no prior findings had been made with respect to 319 Broadway. The Landmarks Preservation Commission voted unanimously in favor of designating 319 Broadway. The Board of Estimate unanimously ratified the designation after its hearing of October 26, 1989. Petitioner then commenced this CPLR article 78 proceeding, asserting res judicata and collateral estoppel.

Initially, the present designation is not contrary to any prior findings, at any time, which could reasonably be construed to be adverse to designation of 319 Broadway. As such, we reject petitioner's position that the determination under review should have been precluded. Nor, under the circumstances of this case, is there any merit in comparing nondesignation of 317 Broadway, which rested on wholly economic considerations, with the later designation of 319 Broadway, which relied upon the appropriate historical, architectural, and aesthetic attributes of that specific property.

Landmark designations are purely administrative and not quasi judicial *(Lutheran Church v City of New York,* 35 NY2d 121, 128, n 2). Designation proceedings, which are not adversarial or adjudicative, are essentially informational in nature, and do not result in formal, binding, legal findings. As such, the doctrines of res judicata and collateral estoppel, which would bar relitigation of cases which have already been tried, or relitigation of an issue which was clearly raised in a prior action or proceeding *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 499-500) would not be applicable in the present case *(compare, Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276, *cert denied* 488 US 1005; *compare also, Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147). On the basis of this record, we cannot conclude that the agency action was arbitrary and capricious or in violation of law *(Lutheran Church v City of New York, supra; Matter of Society for Ethical Culture v Spatt,* 68 AD2d 112, 116, *affd* 51 NY2d 449). Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.