■ In the Matter of LENA RUSSO, Appellant, v LAURIE BECKELMAN et al., Constituting the Landmarks Preservation Commission of the City of New York, et al., Respondents. [611 NYS2d 869] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered April 28, 1992, which denied petitioner's application to annul respondent City Counsel's approval of respondent Landmarks Preservation Commission's designation of petitioner's building as a landmark, and dismissed the petition, unanimously affirmed, without costs.

The building designated as a landmark, 359 Broadway, between Franklin and Leonard Streets, was the location of the daguerreotype gallery of Mathew Brady from 1853 until 1860. Until petitioner whitewashed the outside side wall of the building recently, one could still see a faint painted sign identifying the building as "Brady's Gallery". Brady rose to prominence in the daguerreotype trade at this location, around the time that he started to develop his business in "wet" photography. Brady also received numerous and famous personages in this gallery, although we note that the Landmarks Preservation Commission rejected any connection with the famous "Lincoln photo." While the evidence was equivocal

as to which elements of the original gallery survive inside, either concealed or not, this is not an interior landmarking, and the evidence is clear that the exterior remains largely unchanged from the time of Brady's occupancy. While petitioner characterizes Brady's occupation of the building's upper floors as fleeting and insignificant, the historical evidence, consisting of numerous contemporary accounts, indicates otherwise.

The administrative record and accompanying historical materials also establish a cultural and social historical dimension to 359 Broadway that complements its association with Brady. Brady's occupancy corresponded with the period when this part of Broadway was the fulcrum of the nation's, and possibly the world's, daguerreotype trade, as well as the commercial hub of the City. This building is the sole survivor of those that housed numerous galleries, among which Brady's held prominence. This building, distinct from its specific Brady connection, was considered in its day to be an exemplar of the daguerreotypists' galleries while photography was in its genesis years. The landmarking not only preserves the building, and depicts a trade, but also provides a portrait of an era that fills a too-little appreciated niche in New York's cultural registry. The historical merits are sufficient to justify the designation regardless of the building's affiliation, if any, with the nearby Tribeca district.

The administrative record is replete with reasoned decision-making during which commissioners grappled with the different landmarking theories in light of the historical record, and we reject petitioner's contention that the final determination was a foregone conclusion. There is no compelling significance in the fact that the building was not earlier considered for landmarking in the context of the Tribeca district or neighboring structures; such determinations must be considered *ad hoc,* on their own merits *(see, Matter of Doro's Rest. v City of New York,* 179 AD2d 406). Nor is there merit to petitioner's unconstitutional taking claim since petitioner has not been substantially deprived of the economic benefit of the property *(Penn Cent. Transp. Co. v New York City,* 438 US 104, *affg* 42 NY2d 324, *affg* 50 AD2d 265), and can avail herself of transferable development rights *(Shubert Org. v Landmarks Preservation Commn.,* 166 AD2d 115, 122, *appeal dismissed* 78 NY2d 1006, *lv denied* 79 NY2d 751, *cert denied* — US —, 112 S Ct 2289), or to her claim that the relevant provisions of the Landmarks Preservation Law (Administrative Code of City of NY §§ 25-302, 25-303) are unconstitutionally vague or over-

broad *(Penn Cent. Transp. Co. v New York City, supra; Rector of St. Bartholomew's Church v City of New York,* 728 F Supp 958, *affd* 914 F2d 348, *cert denied* 499 US 905). That the criteria for listing sites on the State Register of Historic Places (9 NYCRR 427.3) may be more specific does not necessarily mean that the City law is insufficiently specific.

Since the historical and cultural associations established by the record, when considered together, connote landmark worthiness to this site, we need not determine whether the association of a site with an historic personage such as Brady, as a sole criterion, would justify a designation.

We have considered petitioner's remaining contentions and find no basis for reversal. Concur—Murphy, P. J., Carro, Wallach, Asch and Tom, JJ.