■ In the Matter of ROSE E. ANELLO, Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF DOBBS FERRY et al., Appellants, and BRIARY WOODS NEIGHBORHOOD ASSOCIATION, Intervenor-Appellant. [641 NYS2d 52] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Dobbs Ferry, dated March 9, 1994, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered December 7, 1994, which annulled the determination as arbitrary, capricious, and unlawful and directed the Building Inspector of the Village of Dobbs Ferry to issue a building permit.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

As the Court of Appeals has recently enunciated in *Khan v Zoning Bd. of Appeals* (87 NY2d 344, 350) "there is no need for a common-law rule to protect landowners who possess parcels in 'single and separate ownership' situations", and the Court has declined to accept such a rule. Although "[a] municipality may in the reasonable exercise of its police powers change its zoning to control land use and development * * * such changes may, but need not, exempt existing owners of substandard lots from the changes' more onerous effects" (*Khan v Zoning Bd. of Appeals, supra,* at 350). As the Court of Appeals noted in *Khan,* a municipality may create this exemption by providing through "its ordinance for exemptions for property that is held in single and separate ownership" (*Khan v Zoning Bd. of Appeals, supra,* at 350).

In the instant case the petitioner's parcel was rendered substandard due to the enactment of the Dobbs Ferry Village Code § 300-35 (D), commonly known as the "steep slope"

ordinance. This ordinance, however, did not create an exemption for property held in single and separate ownership at the time of its enactment. "[W]here the municipality has not created an exemption as a matter of legislative grace, the property owner can ordinarily utilize the local provisions for obtaining a variance" (*Khan v Zoning Bd. of Appeals, supra,* at 350). Here, the petitioner did apply for a variance to the Zoning Board of Appeals of the Village of Dobbs Ferry (hereinafter the Board). However, after a hearing, the Board denied the application for the variance. We find that the Board's determination was not arbitrary or capricious, and was supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.