■ In the Matter of RICHARD BERGEN et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF PUTNAM VALLEY, Appellant. [655 NYS2d 587] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Putnam Valley, dated August 16, 1995, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Putnam County (Sweeny, J.), dated February 5, 1996, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Zoning Board of Appeals of the Town of Putnam Valley (hereinafter the Board) contends that the petitioners are not entitled to an area variance as of right on the ground that their property had merged with an adjoining lot prior to their purchase of it. We agree. Although a municipality may exempt owners from minimum area requirements where their property, held in single and separate ownership before the adoption of the zoning ordinance, is rendered substandard as a result of the ordinance (see, Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344, 348-349), no such exemption is applicable where, as here, two adjoining, nonconforming lots have "merged" under the terms of the ordinance (see, Matter of McGlasson Realty v Town of Patterson Bd. of Appeals, 234 AD2d 462; Matter of Petikas v O'Leary, 170 AD2d 684). Contrary to the conclusion reached by the Supreme Court, the record supports the finding of the Board that the petitioners' property merged with the adjoining parcel before the petitioners purchased the land in 1988, and therefore was no longer a separate buildable lot (see, Town of Putnam Valley Zoning Ordinance § 66-23 [c]; Matter of McGlasson Realty v Town of Patterson Bd. of Appeals, supra). Accordingly, the petitioners are not entitled to an area variance as of right.

Furthermore, upon our review of the record, we find that the Board properly considered the factors set forth in Town Law § 267-b (3) in evaluating the petitioners' application, and its denial of their request for a substantial area variance was both

rational and supported by substantial evidence *(see, Matter of Khan v Zoning Bd. of Appeals, supra,* at 351; *Matter of Fuhst v Foley,* 45 NY2d 441, 444).

The Board's remaining contention need not be considered. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.