OPINION OF THE COURT
John S. Lockman, J.
Motion by petitioner pursuant to CPLR article 78 for an order reversing and annulling a decision of the Zoning Board of Appeals denying petitioner’s application for a variance for the first-floor elevation of a building constructed in a flood plain is denied and the petition is dismissed.
The corporate petitioner purchased land in 1994 within the Village of Bayville with the intention of constructing a dwelling and then selling the improved parcel. The premises has a total plot area of 4,000 square feet. Flood plain zoning was in effect at the time.
As part of the application for a building permit, petitioner submitted a survey prepared by his surveyor erroneously depicting the proposed dwelling with a first-floor elevation of approximately 15.7 feet. During construction, it was discovered that the elevation was 7.61 feet and the Village Building Inspector caused a stop work order to be issued. Petitioner nevertheless went forward with construction, claiming that the building was 80% completed at the time the stop work order issued. After construction was complete, petitioner sought an area variance for the deficient elevation. After four sessions of public meetings, the Board of Zoning Appeals denied the application.
Flood Damage Prevention Zoning Ordinance of the Village of Bayville chapter 27 was adopted to comply with Federal regulations concerning comprehensive programs for low-cost flood insurance to homeowners to regulate development in flood plain areas (44 CFR 59.1 et seq.). " 'Flood plain areas’ are based on a Flood Insurance Rate Map and a Federal study prepared by the Federal Emergency Management Agency” (Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344, 347, n 1). A flood plain is a body of land susceptible to flooding from any source. The *666 purpose of flood plain zoning is to regulate land use within the flood plain so as to minimize or prevent the harm caused by-floods (42 USC § 4002). Congress amended the National Flood Insurance Act of 1968 with the Flood Disaster Protection Act of 1973- (42 USC § 4001) which requires the purchase of flood insurance on or after March 2, 1974 as a condition of receiving any Federal or Federally related financial assistance (44 CFR 59.2). The Federal Insurance Administration oversees the insurance program designed to provide low-cost subsidized flood insurance. If a local government fails to adopt Federal policy, a landowner is ineligible for Federally subsidized insurance, Federal loans, and loans from Federally insured or regulated banking institutions. The local community must demonstrate a need for flood insurance, and submit a copy of the community’s flood plain legislation (44 CFR 59.22). Federal regulations permit local communities to grant variances only upon a showing of "good and sufficient cause”; and an applicant must also demonstrate that failure to grant a variance would result in "exceptional hardship”, and that granting a variance will not result in increased flood heights or create additional threats to "public safety” (44 CFR 60.6 [a] [3] [i], [ii], [iii]).
Pursuant to section 27-14A (1) of the Flood Damage Prevention Zoning Ordinance of the Village of Bayville, the lowest floor, including the basement or cellar, of a dwelling in an area of special flood hazard must be elevated to or above the base flood elevation, which is 13 feet.
Any variance from the base flood elevation is governed by chapter 27 of the Flood Damage Prevention Zoning Ordinance. Section 27-17, the controlling provision, in accordance with Federal regulations, states in relevant part:
"A. Generally, variances may be issued for new construction * * * to be erected on a lot of one-half acre or less in size contiguous to and surrounded by lots with existing structures constructed below the base flood level, provided that § 27-16D(l) through (12) has been fully considered. As the lot size increases beyond one-half acre, the technical justification required for issuing the variance increases * * *
"C. Variances may be issued by a community for new construction * * * provided that:
"(1) The criteria of Subsections A, D, E and F of this section are met.
"(2) The structure * * * is protected by methods that minimize flood damages during the base flood and create no additional threat to public safety.
*667 "D. Variances shall not be issued within any designated floodway if any increase in flood levels during the base flood discharge would result.
''E. Variances shall only be issued upon a determination that the variance is the minimum necessary, considering the flood hazard, to afford relief.
"F. Variances shall only be issued upon receiving written justification of:
"(1) A showing of good and sufficient cause.
"(2) A determination that failure to grant the variance would result in exceptional hardship to the applicant.
"(3) A determination that the granting of a variance will not result in increased flood heights, additional threats to public safety or extraordinary public expense; create nuisances; cause fraud on or victimization of the public; or conflict with existing local laws or ordinances.”
The regulations track the Federal requirements as outlined in 44 CFR 60.6 governing variances. Any community failing to justify the granting of variances, or indicating a pattern of action inconsistent with the objectives of sound flood plain management may be suspended from program eligibility (44 CFR 59.24 [c]).
It is uncontroverted that the Village of Bayville is plagued by severe flooding. Indeed, the minutes of the Board of Zoning meetings reveal that in 1992 the subject property, as well as surrounding properties, were all under water during a severe Nor’easter storm. According to one member, the water level was at 11 feet. The Village requirement of a 13-foot minimum height for the lowest floor is not challenged and cannot be deemed arbitrary or capricious. In addition, to preserve the availability of low-cost flood insurance, application of the variance requirements of the Flood Damage Prevention Zoning Ordinance must be sustained. Petitioner has made no showing that the subject premises would not suffer severe damage to dwelling areas were a severe flood to occur, and cannot make a showing that human safety would not be compromised.
Turning to petitioner’s arguments in support of this application, it first argues that the Board’s decision must be vacated because it found that a "use” variance was required rather that an "area” variance. Such argument begs the question. The variance requirements of the Flood Damage Prevention Zoning Ordinance explicitly require a showing that "exceptional hardship” will result if the variance is not granted. *668 Such standard is akin to that of a use variance, which requires a showing of "unnecessary hardship” (Village Law § 7-712-b [2] [b]). And, given the grave consequences from the grant of a variance where flooding and extensive property damage may result, were the balance test standards for an area variance employed, the result would be the same (Village Law § 7-712-b [3] [b]). In balancing the benefit to the applicant against the detriment to the health, safety and welfare of the community, the following factors are considered, all of which instruct against the grant of this variance, "detriment to the nearby properties”, the "substantial” nature of the variance (here petitioner seeks to cut the height requirement by almost half), "adverse effect or impact on the physical conditions in the neighborhood” and whether the difficulty was "self-created”. It is irrational to suppose that the same showing would be required where flooding is the issue as where a side yard requirement, for example, is the issue.
Moreover, it has been held that flood plain zoning ordinances do not address area requirements. "The [single and separate ownership] ordinance relates to area and width and has no application * * * where Resource Protection regulations were designed to protect property against floods” (Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344, 351, supra [applicant sought exemption from minimum area ordinances where the property was held in single and separate ownership and sought variance for construction prohibited entirely under flooding ordinance]). Accordingly, the Board did not act in an irrational manner in requiring petitioner to meet, secondarily, the standards for a use variance as defined by Village Law § 7-712-b. The primary measurement used by the Board was the requirements as outlined in the Flood Damage Prevention Zoning Ordinance as required by Federal law. The Board found for example, under section 27-16D, that:
"(1) the danger that materials may be swept onto other lands, causing injury to others is likely;
"(2) there is a danger to life and property due to possible flooding and erosion;
"(3) the structure as it presently stands and its contents would be susceptible to significant flood damage and would have an adverse effect on the occupant or occupants * * *
"(6) although there is no alternative location for the structure, the lowest level of the structure (reference level floor) could be altered to conform with the requisites of chapter 27 * * *
*669 "(9) in times of flood there would be a serious safety factor for ordinary and/or emergency vehicles to gain access to the property;
”(10) there would be considerable cost and substantial risk associated with conducting search and rescue operations during periods of flooding”.
In addition to averring that respondents used the wrong standard to entertain its application, petitioner also avers that it met the requirements for an area variance. This contention is rejected. The elements for consideration concerning an area variance are similar to those outlined in the Flood Damage Prevention Zoning Ordinance and those elements include the following which preclude any grant of petitioner’s application: there is an alternative feasible method, the variance is substantial, the variance will have an adverse impact on the physical conditions in the neighborhood, and the alleged difficulty was self-created. Whether the error in the initial application was innocent or venal, it was made by petitioner’s agent, and the consequences are petitioner’s, not the citizens of Bayville. None of the Board findings can be characterized as arbitrary or capricious or without foundation. Indeed, upon checking with Federal regulators at the applicant’s request, the Village was advised that it was not in its best interests to grant variances under the Flood Damage Prevention Zoning Ordinance.
It is unnecessary to address each and every allegation raised by petitioner, as petitioner has failed to establish that the Board’s decision pursuant to the Flood Damage Prevention Zoning Ordinance variance provisions was arbitrary or capricious. Having failed to present a prima facie case of entitlement to a variance, the additional issues raised cannot be determinative. The burden was on the petitioner to show entitlement to a variance, not on the Board to prove the very foundations of the flood plain ordinance.
Finally, the court notes that the Board’s suggestions for an alternative resolution to petitioner’s difficulty were reasonable and not refuted by the applicant. Petitioner did not present written estimates showing that the cost of raising the building elevation five feet was prohibitive. Nor did he show that the dwelling could not be sold as a one-floor dwelling, reserving the lower level to nonuse in order to comply with the height requirement. Accordingly, the petition is dismissed.