OPINION OF THE COURT
Jack J. Cannavo, J.
*583 The proceeding commenced by petitioner, Robert Toussie, for summary judgment directing that the petitioner receive at least one full Pine Barrens Credit for each single and separate parcel owned by him and a judgment holding that the Pine Barrens Credit allocation formulas in section 6 of the Central Pine Barrens Comprehensive Land Use Plan are void as arbitrary, capricious, unreasonable and unconstitutional and that these allocation formulas violate the Environmental Conservation Law is denied. Submit judgment.
The petitioner purchased eight parcels of property in the Pine Barrens'over the last eight years for a total of $14,000. These are small parcels, the largest of which is approximately one-half acre in size. Three of the parcels range between 6,000 and 13,000 square feet, and four of them are less than 4,000 square feet. All of these parcels are located in a residential area where the zoning permits one unit of housing for every 200,000 square feet. The parcels are also remote in location. One is more than 1,000 feet from a road, and the rest of the parcels are further than 1,000 feet from any road. The petitioner was awarded 1.1 credits* on May 14, 1998 for these parcels by the Pine Barrens Commission. These credits awarded by the Commission to the petitioner are worth $23,100. Therefore, the petitioner will have realized a $9,100 profit on his investment of $14,000 if he accepts the credits awarded to him by the Pine Barrens Commission.
Under these facts, the decision of the Central Pine Barrens Joint Planning and Policy Commission to award a total of 1.1 Pine Barrens Credits for all eight parcels was not arbitrary, unreasonable or confiscatory.
The provisions of the Pine Barrens Credit Land Use Plan that relate to transferable development rights do not require that the Commission provide the petitioner with one unit of credit for each and every parcel held in single and separate ownership.
The Pine Barrens Credit for a parcel of property is determined by multiplying the area of the parcel by the development yield factor. Development yield is determined by various factors including the residential zoning category in which the property is located. This is a reasonable means to determine *584 the credit due to the owner of parcels in the Pine Barrens. Any method based primarily upon the concept that any parcel qualifying for “single and separate ownership” status, no matter its size or location, should be entitled to a full Pine Barrens Credit, would only exponentially increase speculation for relatively worthless property.
In any event, landowners who are dissatisfied with the Pine Barrens Credit program need not participate in this program. They may seek to develop their own property by permit, or, in limited situations, not available here, as of right.
While the Pine Barrens legislation clearly limits the development of parcels located within the designated Pine Barrens of Suffolk County, such restrictions are valid if enacted for public health and safety reasons (see generally, Matter of Town of Islip v Cuomo, 64 NY2d 50; W.J.F. Realty Corp. v State of New York, 176 Misc 2d 763). Statutes that are enacted to protect public health and safety are interpreted liberally (Matter of Putnam Lake Community Council Bathing Beaches v Deputy Commr. of Health of State of N. Y., 90 AD2d 850) and in the manner necessary to attain the result intended (McKinney’s Cons Laws of NY, Book 1, Statutes § 341). The interpretation of section 6.3.1 of the Central Pine Barrens Comprehensive Land Use Plan put forth by the petitioner would require that any size parcel if it is in single and separate ownership no matter where it is located be awarded a full Pine Barrens Credit.
However, section 6.7.6.7 specifically provides that all parcels must receive a minimum of .10 Pine Barrens Credit. Section 6.7.6.6 states that one full credit may be allocated to a parcel of at least 4,000 square feet if it has frontage on an “existing improved road.” Thus, these sections specifically contemplate that not all property in the Pine Barrens will be entitled to a full credit. Further, the Generic Environmental Impact Statement prepared in 1995 prior to the adoption of the Central Pine Barrens Comprehensive Land Use Plan indicated that a full credit would not be extended to all properties held in single and separate ownership. Thus, petitioner’s argument that the provisions of the Central Pine Barrens Comprehensive Land Use Plan require that he receive a full credit for each parcel of property is without merit.
The single and separate ownership privilege contained in most zoning codes is not a common-law privilege (see, Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344) and exemptions to substandard lots need not be provided in a zoning or land *585 use plan (see, Matter of Anello v Zoning Bd. of Appeals, 226 AD2d 458, affd 89 NY2d 535, cert denied 521 US 1132; see also, Matter of Gernatt Asphalt Prods, v Town of Sardinia, 87 NY2d 668). The argument of the petitioner that the Long Island Pine Barrens Protection Act (ECL 57-0103 et seq.) and the Central Pine Barrens Comprehensive Land Use Plan must be strictly construed because it is in derogation of common law is therefore without merit (see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 301).
The concept of “single and separate” ownership is not traceable to common law (see, Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344, supra). Therefore, a statute that restricts development on parcels that were once permissible to build upon, but under present law may no longer be built upon, is not in derogation of common law and need not be strictly construed. The property owner is still constitutionally protected from a confiscatory taking by government (see, Matter of Khan v Zoning Bd.of Appeals, 87 NY2d 344, supra). Here, the petitioner has failed to show an unconstitutional taking without compensation (see, Allt v Zoning Bd. of Appeals, 255 AD2d 311), and in fact, the evidence before the court indicates that he has been generously compensated for the development rights of the land.
The process of transferring development rights established by the Pine Barrens Comprehensive Land Use Plan has been held to be constitutional (W.J.F. Realty Corp. v State of New York, 176 Misc 2d 763, supra). The court notes that the concept of transferable development rights, while often challenged, is an accepted and constitutional land use planning device (see, Matter of Russo v Beckelman, 204 AD2d 160, lv denied 85 NY2d 802; Shubert Org. v Landmarks Preservation Commn., 166 AD2d 115, lv denied 79 NY2d 751, cert denied 504 US 946; see also, Williams v Town of Hilton Head Is., 311 SC 417, 429 SE2d 802).

 A Pine Barrens Credit Certificate “indicates the number of Pine Barrens Credits to which the owner of a particular parcel of land is entitled and which attests to the fact that the development rights of a particular parcel of land in a sending district of the Central Pine Barrens have been severed from the land.”