In the Matter of FARASH CORPORATION et al., Respondents, v CITY OF ROCHESTER et al., Appellants. [713 NYS2d 423] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioners acquired the former Eastman Dental Dispensary, a building at 800 East Main Street in the City of Rochester that has been vacant since 1978. They obtained landmark status for the building in 1984 and it is listed on the National Register of Historic Places.

On March 31, 1999, respondent City of Rochester Preservation Board (Board) voted to deny petitioners' application for a Certificate of Appropriateness to demolish the landmark structure and redevelop the site with retail business. Petitioners commenced this CPLR article 78 proceeding seeking, *inter alia,* judgment ordering respondents to grant petitioners' application for a Certificate of Appropriateness for demolition and ordering respondents to issue a demolition permit.

Supreme Court remitted the matter to the Board to vacate its findings that economic hardship was not proven, and that, if proven, it would have been self-created or self-imposed. The court further directed the Board to make findings that petitioners have proved economic hardship and that the situation was not self-created or self-imposed. The court directed the Board to issue a Certificate of Appropriateness for demolition and directed petitioners to submit a specific plan for redevelopment of the real property that the Board shall consider to determine whether a Certificate of Appropriateness for that redevelopment should be issued. The court further directed that a demolition permit shall not be issued until a Certificate of Appropriateness for the redevelopment plan is issued, and the court specified that demolition not occur until a demolition permit is issued and all appeals are exhausted.

We reverse. It is well settled that an administrative determination concerning a landmark designation is entitled to deference and will not be disturbed "if it has support in the record, a reasonable basis in law, and is not arbitrary or capricious" (*Matter of Teachers Ins. & Annuity Assn. v City of New York*, 82 NY2d 35, 41; *see, Lutheran Church v City of New York*, 35

NY2d 121, 128, n 2; *Shubert Org. v Landmarks Preservation Commn.*, 166 AD2d 115, 120, *appeal dismissed* 78 NY2d 1006, *lv denied* 79 NY2d 751, *cert denied* 504 US 946). "[T]he court may not substitute its judgment for that of the administrative body" (*Shubert Org. v Landmarks Preservation Commn.*, *supra*, at 120; *see, Matter of Society for Ethical Culture v Spatt*, 68 AD2d 112, 116, *affd* 51 NY2d 449, *rearg dismissed* 52 NY2d 1073). Issues concerning the adequacy of petitioners' submissions with respect to costs and economic hardship and the effect, if any, of neglect of maintenance on the condition of the property are generally left to the administrative body (*see, Matter of Lemme v Dolan*, 163 AD2d 717, 719). Here, the determination of the Board was not irrational, arbitrary or capricious. The Board determined that petitioners failed to establish economic hardship because they did not adequately explore alternative uses for the building. The Board also determined that the hardship was self-created or self-imposed through neglect of maintenance and that petitioners' marketing efforts were inadequate. Thus, the petition must be dismissed. (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Wisner and Balio, JJ.