■ In the Matter of PRESERVATION ASSOCIATION OF CENTRAL NEW YORK, INC., Appellant, v TINO MARCOCCIA et al., Respondents. [725 NYS2d 915] —Judgment unanimously affirmed without costs. Memorandum: Petitioner appeals from a judgment dismissing its CPLR article 78 amended and supplemental petition challenging a determination of respondent City of Syracuse Planning Commission (Commission). The Commission's determination granted the "appeal" of respondent Tino Marcoccia "for a Certificate of Appropriateness for Removal" (i.e., demolition) of the Conrad Loos building in Syracuse. Petitioner contends that Marcoccia is precluded from obtaining a Certificate of Appropriateness because any hardship is "self-created"; that Marcoccia is not entitled to make the "best use of his property"; that the Commission's findings and determination are conclusory or otherwise legally insufficient; and that the Commission's determination of no environmental significance is not based on substantial evidence, does not constitute a "hard look" at the environmental issues and does not overcome the statutory presumption of significance.

We conclude that the Commission's determination is not illegal, arbitrary or capricious, or unreasonable (see, Matter of Farash Corp. v City of Rochester, 275 AD2d 957, lv denied 96 NY2d 701). The record supports the Commission's determination that, taking into account acquisition and renovation costs, the continued maintenance of the building would be an economic hardship to Marcoccia. Pursuant to the City's preservation ordinance, the Commission had the authority to consider, among other pertinent factors, "practical difficulties related to spacial utilization, cost of labor and materials, and the like." Moreover, under the ordinance, whether the claimed economic hardship was "self-created" is immaterial. With "dollars and cents" proof, Marcoccia demonstrated that he was unable to make any economically viable use of his property either in its current dilapidated condition or even if renovated in whole or in part. Contrary to petitioner's contention, the Commission's findings and determination are not conclusory or otherwise legally insufficient, but rather contain specific findings accurately reflecting the evidence considered by the Commission.

We have considered petitioner's remaining contentions and note that they were not raised in the course of the administrative proceedings or in the CPLR article 78 amended and supplemental petition. Petitioner's failure to exhaust administrative remedies precludes us from reaching those contentions (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834). Moreover, those contentions are un-

preserved for our review (*see, Klein v City Council for City of Long Beach,* 236 AD2d 446). (Appeal from Judgment of Supreme Court, Onondaga County, McCarthy, J.—CPLR art 78.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Burns, JJ.