In the Matter of J. CHRISTOPHER PALIN, Appellant, v CITY OF ROCHESTER et al., Respondents. [765 NYS2d 550] —Appeal from a judgment (denominated judgment and order) of Supreme Court, Monroe County (Galloway, J.), entered April 11, 2002, which dismissed the petition in this CPLR article 78 proceeding.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination of respondent City of Rochester Preservation Board (Board) denying his application for a certificate of appropriateness legalizing his construction of a deck at the rear of his house, which is located within the East Avenue Preservation District. In addition, petitioner contended that Rochester City Code former § 115.37 (now Rochester Zoning Code § 120-194), the preservation ordinance at issue, is unlawful and unconstitutional. Petitioner appeals from a judgment dismissing his petition.

Petitioner failed to include in the petition his present contention that enactment of the preservation ordinance was not a proper exercise of municipal authority and thus has failed to preserve that contention for our review (*see Matter of Preservation Assn. of Cent. N.Y. v Marcoccia,* 284 AD2d 948, 948-949 [2001]; *Matter of Koschuk v Kleinfelder,* 270 AD2d 963 [2000]; *see also Gregory v Town of Cambria,* 69 NY2d 655, 656-657 [1986]). In any event, there is no merit to that contention. The enactment of the preservation ordinance is explicitly authorized by General Municipal Law §§ 96-a (the second of two sections so numbered) and 119-dd.

There also is no merit to petitioner's challenge to the constitutionality of the preservation ordinance. The ordinance is not unconstitutionally vague and does not constitute an overbroad delegation of authority to the Board (*see Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 203-205 [1987]; *City of Albany v Lee,* 53 NY2d 633 [1981]; *Matter of Russo v Beckelman,* 204 AD2d 160, 161-162 [1994], *lv denied* 85 NY2d 802 [1995]; *see also Rector, Wardens, and Members of Vestry of St. Bartholomew's Church v City of New York,* 728 F Supp 958, 964 [1989], *affd* 914 F2d 348 [1990], *cert denied* 499 US 905 [1991]).

Finally, we conclude that the Board's determination to deny

petitioner's application for a certificate of appropriateness is not arbitrary and capricious (*see Marcoccia,* 284 AD2d at 948; *Matter of Farash Corp. v City of Rochester,* 275 AD2d 957, 957-958 [2000], *lv denied* 96 NY2d 701 [2001]). The record establishes that there is a rational basis for the Board's determination to disallow the deck as visually, historically, and compositionally inappropriate for or incompatible with the residential structure and its yard and the preservation district as a whole. Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.