■ In the Matter of LANDMARK WEST!, Appellant, v ROBERT B. TIERNEY et al., Respondents. [807 NYS2d 342]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered September 6, 2005, which, in a proceeding pursuant to CPLR article 78 brought by a community advocacy group seeking to prohibit respondent Tierney, Chair of the City of New York Landmarks Preservation Commission, from participating in proceedings related to the possible landmark designation of a building located at 2 Columbus Circle in Manhattan, which building respondent Museum of Arts and Design intends to purchase, inter alia, granted respondents' motions to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

Petitioner's claims challenging the legality of the Commission's procedures are improperly raised for the first time on appeal (*see Sean M. v City of New York*, 20 AD3d 146, 149-150

[2005]), and also collaterally estopped by the findings made in *Matter of Landmark West! v Burden* (3 Misc 3d 1102[A], 2004 NY Slip Op 50331[U] [2004], *affd* 15 AD3d 308, 309 [2005], *lv denied* 5 NY3d 713 [2005]) that, inter alia, the Commission was not obligated to hold a public hearing before deciding not to calendar a request for the property's designation as a landmark. Insofar as petitioner's application is based on NY City Charter § 1046 (c), which prohibits ex parte communications between parties and a hearing officer in an "adjudication," i.e., "a proceeding in which the legal rights, duties or privileges of named parties are required by law to be determined by an agency on a record and after an opportunity for a hearing" (NY City Charter § 1041), the application was properly denied on the ground that landmark designations are administrative, not adjudicative, in nature (*see Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 41 [1993]; *Matter of Doro's Rest. v City of New York*, 179 AD2d 406, 407 [1992]), and therefore not subject to section 1046. Petitioner's conspiracy and 42 USC § 1983 claims lack allegations sufficient to show a scheme to undermine its First Amendment right to petition the Commission. We have considered and rejected petitioner's other arguments. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ. [*See* 9 Misc 3d 1102(A), 2005 NY Slip Op 51374(U) (2005).]