■ JANET CUCCIA, Appellant, v MARTINEZ & RITORTO, P.C., Respondent, et al., Respondent. [877 NYS2d 333]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered April 16, 2008, dismissing this proceeding to vacate respondent agency's determination, unanimously affirmed, without costs.

Petitioner was employed by respondent law firm as a legal secretary for approximately 2 1/2 months before her termination, purportedly due to poor job performance including excessive lateness. Denial of unemployment benefits on the ground of termination for misconduct was upheld by the Unemployment Insurance Appeal Board, and her judicial appeal of that determination was untimely (*see Matter of Cuccia [Martinez & Ritorto, P.C.—Commissioner of Labor]*, 55 AD3d 1115 [2008]).

Petitioner also filed a complaint of disability discrimination with respondent agency (Division of Human Rights [DHR]), stating that her lateness and the adjustments to her work schedule were necessary to attend doctors' appointments and undergo diagnostic tests for a medical condition. The law firm denied that petitioner ever told them she had a disabling medical condition and pointed to her statements attributing her discharge to other factors, such as a lull in work and the firm's desire to avoid unemployment insurance claims.

After investigation, DHR determined there was no probable cause to believe the firm had engaged in unlawful discrimination, pointing to the fact that petitioner was often permitted to make medical appointments during work hours, and she never alleged that she had told the firm about her medical condition. DHR concluded that the record suggested petitioner was

terminated for nondiscriminatory reasons related to her work performance.

In order to recover under New York and federal law, petitioner has the initial burden of proving, by a preponderance of the evidence, a prima facie claim of discrimination, i.e., that she suffers from a disability, was qualified to hold the position at issue, and suffered an adverse employment action or was terminated from employment under circumstances giving rise to an inference of discrimination. The burden then shifts to the employer to rebut the presumption of discrimination by setting forth, through the introduction of admissible evidence, legitimate independent and nondiscriminatory reasons to support the employment decision. If the employer's evidence raises a genuine issue of fact as to whether it discriminated, then the presumption raised by the prima facie case is rebutted. Petitioner is still entitled to prove that the legitimate reasons proffered by the employer were merely a pretext for discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629-630 [1997]).

In a CPLR article 78 proceeding, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only if there is a rational basis for the decision or whether it is arbitrary and capricious (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). DHR's determination that petitioner failed to carry her burden of demonstrating discriminatory termination was supported by evidence in the record, including her own acknowledgment of termination for nondiscriminatory reasons. She was unable to demonstrate that the reasons provided by the law firm were pretextual.

Although petitioner takes issue with DHR's investigation, the agency has broad discretion in determining the method to be employed in investigating a claim (*see Matter of Pascual v New York State Div. of Human Rights*, 37 AD3d 215 [2007]). She was given the opportunity to provide evidence supporting her claims, and the investigation was not abbreviated.

Petitioner's remaining claims are improperly raised for the first time on appeal (*see Matter of Landmark West! v Tierney*, 25 AD3d 319 [2006], *lv denied* 6 NY3d 710 [2006]), and are, in any event, without merit. Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ. [*See* 2008 NY Slip Op 30890(U).]