■ In the Matter of NOCRO, LTD., Petitioner/Plaintiff, and HERITAGE AT CUTCHOGUE, LLC, Appellant, v SCOTT A. RUSSELL et al., Respondents. [943 NYS2d 116]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review certain determinations of the Town Board of the Town of Southold dated January 20, 2009, which adopted Local Law Nos. 1, 2, and 3 (2009) of Town of Southold, and action, among other things, to recover damages pursuant to 42 USC § 1983 for deprivation of constitutional rights under color of state law, the petitioner/plaintiff Heritage at Cutchogue, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 15, 2010, as granted those branches of the respondents/defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the thirteenth cause of action insofar as asserted by it against the respondents/defendants Scott A. Russell, Louisa P. Evans, Thomas H. Wickham, Albert J. Krupski, Jr., William P. Ruland, Vincent M. Orlando, Jerilyn B. Woodhouse, George Solomon, Joseph L. Townsend, Kenneth L. Edwards, and Martin H. Sidor, in their individual capacities, and the fourteenth cause of action insofar as asserted by it against all of the respondents/defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

"On a motion to dismiss pursuant to CPLR 3211 . . . the petition-complaint alone must be considered, and all of its allegations are deemed true and afforded the benefit of every favorable inference" (*Matter of Bloodgood v Town of Huntington*, 58 AD3d 619, 621 [2009]).

Here, only the thirteenth and fourteenth causes of action sought relief against the individual respondents/defendants. The thirteenth cause of action sought to recover damages pursuant to 42 USC § 1983 for violation of the appellant's equal protection and due process rights under color of state law. The fourteenth cause of action sought to recover damages, in effect, pursuant to 42 USC § 1985 (3) for conspiracy to deprive the appellant of property in the absence of due process of law, the equal protection of the laws, and the privileges and immunities

secured to the appellant by the laws and Constitution of the United States.

The Supreme Court properly granted that that branch of the respondents/defendants motion which was to dismiss the thirteenth cause of action insofar as asserted by the appellant against the individual members of the Planning Board of the Town of Southold (hereinafter the Planning Board), the respondents/defendants Scott A. Russell, Louisa P. Evans, Thomas H. Wickham, Albert J. Krupski, Jr., William P. Ruland, and Vincent M. Orlando (hereinafter collectively the Planning Board members) in their individual capacities. The Planning Board members had no role in adopting the challenged zoning ordinance. Furthermore, the petition/complaint failed to allege the personal involvement of any individual Planning Board member (*see Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1148-1149 [2009]).

Insofar as the thirteenth cause of action alleges that the individual members of the Town Board of the Town of Southold—the respondents/defendants Jerilyn B. Woodhouse, George Solomon, Joseph L. Townsend, Kenneth L. Edwards, and Martin H. Sidor (hereinafter collectively the Town Board members)—violated the appellants' constitutional rights by voting to enact the challenged zoning ordinance, the Town Board members are entitled to absolute legislative immunity in the adoption of a zoning ordinance (*see Bogan v Scott-Harris*, 523 US 44, 49, 55 [1998]; *Almonte v City of Long Beach*, 478 F3d 100, 107 [2007]; *Ruston v Town Bd. for Town of Skaneateles*, 2009 WL 3199194, *4, 2009 US Dist LEXIS 90964, *10-11 [ND NY 2009], *affd* 610 F3d 55 [2010], *cert denied* 562 US —, 131 S Ct 824 [2010]; *The Anderson Group, LLC v City of Saratoga Springs*, 557 F Supp 2d 332, 342-344 [2008], *affd in part* 336 Fed Appx 21 [2d Cir 2009]).

Finally, the Supreme Court properly concluded that the appellant failed to state a cause of action under the fourteenth cause of action alleging conspiracy, in effect, pursuant to 42 USC § 1985 (3). The appellants' contentions regarding conspiracy are vague and conclusory, and fail to offer sufficient factual details regarding an agreement among the respondents/defendants to deprive the appellant of property in the absence of due process of law, the equal protection of the laws, or privileges and immunities secured to the appellant by the laws and the Constitution of the United States (*see Seymour's Boatyard, Inc. v Town of Huntington*, 2009 WL 1514610, 2009 US Dist LEXIS 45450 [ED NY 2009]; *Carmody v City of New York*, 2006 WL 1283125, 2006 US Dist LEXIS 25308 [SD NY 2006]; *Matter of Landmark*

*West! v Tierney*, 25 AD3d 319, 320 [2006]; *Christian v Town of Riga*, 649 F Supp 2d 84, 100 [2009]).

The appellant's remaining contentions either are without merit or need not be considered in light of our determination. Rivera, J.P., Leventhal, Roman and Cohen, JJ., concur.