■ 24 Franklin Ave. R.E. Corp. et al., Respondents, v Joseph Cannella et al., Appellants. [31 NYS3d 533]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983, the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated August 13, 2014, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is granted.

Contrary to the plaintiffs' contention, the defendants' motion was not procedurally improper, as a defendant may properly move to dismiss a complaint pursuant to CPLR 3211 (a) (7) in either a pre-answer motion or in a post-answer motion (see CPLR 3211 [e]; Butler v Catinella, 58 AD3d 145, 151 [2008]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (see Leon v Martinez, 84 NY2d 83, 87 [1994]). In this context, "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).

Here, the defendants are entitled to dismissal of the complaint insofar as asserted against the defendants who are members of the Town Board of the Town/Village of Harrison (hereinafter collectively the Town Board defendants) based on the principle of absolute immunity. Local legislators are "absolutely immune from suit under [42 USC] § 1983 for their legislative activities" (Bogan v Scott-Harris, 523 US 44, 49 [1998]), and such immunity is applicable to all actions within the "sphere of legitimate legislative activity" (Tenney v Brandhove, 341 US 367, 376 [1951]). The allegations asserted in the complaint against the Town Board defendants are based on actions that were legislative and within the sphere of legislative activity. Therefore, the Town Board defendants are entitled to absolute immunity (see Matter of Nocro, Ltd. v Russell, 94 AD3d 894, 895 [2012]; see also The Anderson Group, LLC v City of Saratoga Springs, 557 F Supp 2d 332, 344-345 [ND NY 2008], affd 336 Fed Appx 21 [2d Cir 2009]).

The defendants are also entitled to dismissal of the complaint

insofar as asserted against the defendant Robert W. Fitzsimmons, an official with the Town of Harrison building department. The complaint does not allege that Fitzsimmons undertook any actions that violated "clearly established constitutional rights of which a reasonable person would have been aware" (*Zalaski v City of Hartford*, 723 F3d 382, 388 [2d Cir 2013]; *see Walczyk v Rio*, 496 F3d 139, 154 [2d Cir 2007]). Therefore, the defendants are entitled to dismissal of the complaint insofar as asserted against Fitzsimmons, based on the principle of qualified immunity (*see Vincent v Yelich*, 718 F3d 157, 170 [2d Cir 2013]; *Scott v Fischer*, 616 F3d 100, 107 [2d Cir 2010]).

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.