■ In the Matter of SINCLAIR HABERMAN et al., Petitioners, v ZONING BOARD OF APPEALS OF THE CITY OF LONG BEACH et al., Respondents, and ROCCO MORELLI et al., Respondents. [59 NYS3d 402]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 29, 2003, which revoked a building permit previously issued to the petitioners/plaintiffs on August 12, 2003, and action, inter alia, for a judgment declaring that the petitioners/plaintiffs are entitled to the building permit, the petitioners/plaintiffs appeal, as limited by their

brief, from so much of a corrected order of the Supreme Court, Nassau County (McCormack, J.), entered October 2, 2015, as granted that branch of the motion of the defendants Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorrain Divone, and Michael Leonetti which was, in effect, to dismiss the sixth cause of action insofar as asserted against them.

Ordered that the corrected order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorrain Divone, and Michael Leonetti which was, in effect, to dismiss the sixth cause of action insofar as asserted against them is denied.

In this long dispute over a building project, the Supreme Court issued an order dated September 13, 2010 (hereinafter the September 2010 order), granting the motion of the respondents/defendants Zoning Board of Appeals of the City of Long Beach, Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorraine Divone, Michael Leonetti, the City of Long Beach, and Scott Kemins, as Commissioner of the Department of Buildings of the City of Long Beach (hereinafter collectively the defendants) to dismiss several of the causes of action alleged in the third amended petition/complaint insofar as asserted against them. As relevant here, the September 2010 order granted that branch of the defendants' motion which was to dismiss the sixth cause of action, which seeks to recover damages against all of the defendants pursuant to 42 USC § 1983, on two grounds. The court held, first, that the petitioners/plaintiffs (hereinafter the plaintiffs) did not allege sufficient facts to support their claim that the defendants' alleged actions effected a deprivation of their constitutional rights, and, second, that the individual defendants, who were members of the Zoning Board of Appeals of the City of Long Beach, were immune from suit for monetary damages. The plaintiffs took a limited appeal from the September 2010 order, in which they challenged the court's ruling with respect to the sixth cause of action. On that appeal, our disposition regarding the sixth cause of action was as follows: "Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the [defendants] . . . pursuant to CPLR 3211 (a) (7) to dismiss the . . . sixth cause[ ] of action in the third amended petition/complaint insofar as asserted against them is denied" (*Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 94 AD3d 997, 997-998 [2012]).

Subsequently, the Supreme Court stated in an order entered

March 27, 2015 (*see Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 152 AD3d 683 [2d Dept 2017] [decided herewith]), that it was "unclear" as to whether this Court's determination of the appeal from the September 2010 order "impacted" the Supreme Court's finding in that order that the defendants Rocco Morelli, Lenny Torres, Marcel Weber, Michael Fina, Stuart Banschick, Lorrain Divone, and Michael Leonetti (hereinafter collectively the individual defendants) had qualified immunity from claims seeking damages under 42 USC § 1983. In light of its uncertainty about our disposition of the appeal from the September 2010 order, the court granted the individual defendants leave to move to "be let out of the case" as to the fourth and sixth causes of action.

The individual defendants then moved "to be let out of the case" as to the fourth and sixth causes of action insofar as asserted against them. In the corrected order appealed from, the Supreme Court treated the motion as one to dismiss the fourth and sixth causes of action insofar as asserted against the individual defendants, and granted those branches of the motion. With respect to the sixth cause of action, the court viewed the individual defendants' claim of immunity as though it were an independent motion for dismissal, unrelated to the prior motion to dismiss pursuant to CPLR 3211 (a) (7). Although the Supreme Court found it unclear as to whether the plaintiffs had appealed the dismissal of the 42 USC § 1983 claims as against the individual defendants, it concluded that our reversal of the September 2010 order did not affect the dismissal of the 42 USC § 1983 claims against the individual defendants on the ground of qualified immunity. The plaintiffs appeal from so much of the corrected order as granted that branch of the individual defendants' motion which was, in effect, to dismiss the sixth cause of action insofar as asserted against them. We reverse the corrected order insofar as appealed from.

Contrary to the individual defendants' contention, the plaintiffs' notice of appeal from the September 2010 order specifically encompassed that part of the order which "granted Defendants' motion to dismiss Count[ ] . . . Six." Thus, so much of the September 2010 order as granted that branch of the defendants' motion which was to dismiss the sixth cause of action insofar as asserted against the individual defendants was properly before us on the plaintiffs' appeal from that order. Further, our decision and order on the appeal from the September 2010 order clearly reversed so much of that order

as granted that branch of the defendants' motion which was to dismiss the sixth cause of action insofar as asserted against all of the defendants. The authority under which the individual defendants sought dismissal of the sixth cause of action was CPLR 3211 (a) (7). That was the applicable statutory provision, as stated in the defendants' original notice of motion to dismiss, regardless of whether dismissal was sought on the ground of qualified immunity or on the ground of insufficiency of the facts alleged (*see Weinstock v Sanders*, 144 AD3d 1019 [2016]; *24 Franklin Ave. R.E. Corp. v Cannella*, 139 AD3d 717 [2016]). In short, our reversal of the September 2010 order insofar as appealed from, and our denial of that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against the defendants, necessarily rejected the individual defendants' claims of qualified immunity. Accordingly, the Supreme Court should have denied that branch of the individual defendants' motion which was, in effect, to dismiss the sixth cause of action insofar as asserted against them. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.