NHD Nigani, LLC v Angelina Zabel Props., Inc. (2018 NY Slip Op 03135)





NHD Nigani, LLC v Angelina Zabel Props., Inc.


2018 NY Slip Op 03135


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-09091
2015-12638
 (Index No. 603339/15)

[*1]NHD Nigani, LLC, appellant, 
v
Angelina Zabel Properties, Inc., respondent.


Slevin & Slevin, Great Neck, NY (Michael J. Slevin of counsel), for appellant.
Franklin, Gringer & Cohen, P.C., Garden City, NY (Steven E. Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from two orders of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered September 8, 2015, and December 11, 2015, respectively. The order entered September 8, 2015, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first through sixth causes of action of the complaint. The order entered December 11, 2015, denied the plaintiff's motion for leave to amend the complaint and/or replead and granted the defendant's cross motion for sanctions.
ORDERED that the order entered September 8, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order entered December 11, 2015, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendant's cross motion for sanctions and substituting therefor a provision denying the cross motion; as so modified, the order entered December 11, 2015, is affirmed, without costs or disbursements.
The plaintiff alleges in the complaint that it operated a bar on premises it leased from the defendant. The lease, which was annexed to the complaint, was for a five-year term ending on January 31, 2015. The lease gave the plaintiff the option to renew for an additional five years by giving the defendant "six (6) months written notice prior to the end of the original lease term of its intent to exercise the renewal option." Additionally, the lease provided that the defendant could not "unreasonably withhold its consent" if the plaintiff wanted to assign the lease, as long as the proposed assignee was, among other things, "responsible credit-wise to assume the terms and covenants of the lease."
According to the complaint, in June 2014, the plaintiff entered into negotiations to sell its business and assign its lease to a third party. The plaintiff alleged that, at a meeting held that month, the defendant's representative, Louis DeMars, orally advised the plaintiff and the proposed purchaser that the defendant had no objection to assigning the lease and that the lease could be renewed for an additional five years. By email dated July 1, 2014, DeMars stated, inter alia, that the defendant would need to conduct a credit check of the proposed purchaser. The complaint alleged: [*2]"At no time did [DeMars] state that defendant required that plaintiff provide any additional notice' or writing to defendant in order to proceed with the sale of the business and the attendant assignment of the Lease and Rider with the renewal period which would be part and parcel of the transaction." At some later time, the proposed purchaser informed the plaintiff that it was ready to proceed with the purchase of the business and, on September 17, 2014, the plaintiff sent an email to DeMars seeking clarification of the lease it intended to assign to the "new owner." DeMars responded that the defendant was not aware of a "new owner," and, since the plaintiff had failed to give written notice of its intent to exercise its renewal option, the lease would expire on January 31, 2015.
After vacating the premises, the plaintiff commenced this action against the defendant to recover damages, inter alia, for (1) breach of contract, (2) prima facie tort, (3) fraud, (4) tortious interference with business contract, (5) tortious interference with prospective business contract/relations, and (6) promissory estoppel (hereinafter the first through sixth causes of action, respectively). The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first through sixth causes of action. By order entered September 8, 2015, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals, as limited by its brief, from so much of that order as directed the dismissal of the first through sixth causes of action.
Subsequently, the plaintiff moved for leave to amend the complaint and/or replead. In its proposed amended verified complaint, the plaintiff alleged that, at the June 2014 meeting, DeMars "expressly agreed that plaintiff's verbal notice of intention to renew the Lease and Rider was sufficient to renew the Lease and Rider." The defendant opposed the plaintiff's motion for leave to amend the complaint and cross-moved to sanction the plaintiff for frivolous conduct. By order entered December 11, 2015, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion, awarding the defendant sanctions in the sum of $4,845 for attorneys' fees. The plaintiff appeals from that order in its entirety.
"On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true" (24 Franklin Ave. R.E. Corp. v Cannella, 139 AD3d 717, 717; see Leon v Martinez, 84 NY2d 83, 87). Here, construing the complaint in the light most favorable to the plaintiff, it fails to state a cause of action to recover damages for breach of contract, prima facie tort, fraud, tortious interference with business contract, tortious interference with prospective business contract/relations, or promissory estoppel. The plaintiff's allegation that "[a]t no time did [DeMars] state" that the defendant required the option to be exercised in writing is insufficient to establish that the defendant waived its right to written notice that the option was being exercised. "Although a party may waive his or her rights under an agreement or decree, waiver is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (Peck v Peck, 232 AD2d 540, 540 [citations omitted]). Moreover, with respect to the plaintiff's allegations that DeMars stated that the defendant would not object to the assignment, subject to, inter alia, a credit check, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109). Accordingly, we agree with the Supreme Court granting those branches of the defendant's motion which were to dismiss the first through sixth causes of action.
Further, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint and/or replead. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387; see Skywest, Inc. v Ground Handling, Inc., 150 AD3d 922, 924). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569, 572). The plaintiff's proposed amended complaint was palpably insufficient and devoid of merit. The plaintiff failed to allege that (1) it actually came to an agreement with the proposed purchaser six months prior to the expiration of the lease, (2) it gave the defendant notice of its intention to exercise the option within six months of the expiration of the lease, irrespective of whether it came to an agreement with the proposed purchaser, or (3) the proposed purchaser was [*3]creditworthy.
However, the Supreme Court improvidently exercised its discretion in granting the defendant's cross motion for sanctions, since the plaintiff's conduct in moving for leave to amend the complaint and/or replead was not, under the circumstances, "frivolous" within the meaning of 22 NYCRR 130-1.1(c) (see Kaplon-Belo Assoc., Inc. v D'Angelo, 79 AD3d 931, 931).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court